**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

UNITED STATES OF AMERICA,

                **Plaintiff,**

    **v.**

**ELROY DOWE,**

                **Defendant.**

**1:04-cr-00005-3**
**Ref. 1:09-cv-00100**

TO:    Jason T. Cohen, Esq., AUSA
       Rami S. Badawy, Esq., AUSA
       Elroy Dowe, *Pro Se*, Reg. # 07044-094
            c/o Evelyn Dowe
            P.O. Box 10560
            St. Thomas, VI  00803

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Defendant Elroy Dowe's Motion Under 28 U.S.C. § 2255[1] to Vacate, Set Aside[,] or Correct Sentence (ECF No. 1226).  The government filed a response in opposition to the motion (ECF No. 1265).  The time for filing a reply has expired.  For the reasons that follow, it is recommended that said Defendant's motion be denied.

**I. BACKGROUND**

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion will be recited.

---

[1] All citations to the United States Code are to the electronic version that appears in Westlaw.

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 2

Craig Hendricks (Hendricks) owned a business on St. Thomas called Craig's Marine

Service which launched and towed boats and assisted in other nautical activities.

Defendant Elroy Dowe (Dowe) worked for Hendricks both at his home and at the marina

doing manual labor.  To supplement his income, Hendricks headed a large cocaine-

trafficking organization involving the other co-Defendants named in this matter.  Hendricks

would import the drugs from St. Martin, W.I., and Tortola, B.V.I., and distribute them in the

U.S. Virgin Islands and elsewhere.  Sometime during this operation, one of the participants,

Hector Rivera (Rivera), became an informant for the U.S. Drug Enforcement

Administration.  Rivera provided the government with taped conversations, videos of drug

transactions, and information leading to a wiretap of the co-Defendants.  On April 11, 2003,

a St. Thomas grand jury returned a 12-count indictment against Hendricks and other

Defendants, including Elroy Dowe.  On August 3, 2005, the jury convicted all Defendants of

conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846

(Count I), and conspiracy to import 5 kilograms or more of cocaine, in violation of 21 U.S.C.

§ 963 (Count XI).  Dowe was sentenced to 10 years of imprisonment.  Dowe filed a timely

appeal.  The Third Circuit Court of Appeals affirmed the conviction.  *United States v. Dowe*,

313 F. App'x 531 (3d Cir. 2009).  Dowe then filed this motion to vacate, set aside, or correct

his sentence pursuant to Title 28 of the United States Code, Section 2255.  Dowe asserts six

claims for post-conviction relief.

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 3

## II. LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). As the *Davis* Court notes, "[H]istory makes clear that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974). However, not every asserted error of law can be raised in a § 2255 motion. *Id.* at 346. The remedy is intended only where the "claimed error of law was a 'fundamental defect which inherently results in a complete miscarriage of justice' and [where] '(i)t . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 428 (1962) (internal quotation marks omitted)).

In order to prevail on a § 2255 motion, a petitioner must show one of the following: 1.) the sentence was imposed in violation of the Constitution or the laws of the United States; 2.) the court was without jurisdiction to impose the sentence; 3.) the sentence was in excess of the maximum authorized by law; or, 4.) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, discharge or resentence the petitioner, or grant the petitioner a new trial as appropriate. *Id.* § 2255(b).

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 4

A § 2255 petition is not a substitute for an appeal. *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).  Thus, the general rule is that a petitioner "has procedurally defaulted all claims that he neglected to raise on direct appeal." *Hodge*, 554 F.3d at 379 (citation omitted); *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Moreover, a 2255 petition may not "be used to relitigate matters decided adversely on appeal." *Government of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985) (citation omitted).  However, a petitioner properly raises ineffective assistance of counsel arguments under § 2255 rather than on direct appeal.  *See, e.g., Massaro*, 538 U.S. at 504 (explaining it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *accord United States v. Garcia*, 516 F. App'x 149, 151 (3d Cir. 2013) ("It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

"A court may dismiss a motion to vacate without . . . holding an evidentiary hearing when it is clear from both the motion and the record that the movant is not entitled to relief." *United States v. Delbridge*, 504 F. App'x 145, 148 (3d Cir. 2012); 28 U.S.C. § 2255(b).  Further, a court may decide a § 2255 "motion without requiring the production of the prisoner at the hearing."  28 U.S.C. § 2255(c).  A petitioner's *pro se* pleading is construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 5

(explaining that the liberal construction accorded a *pro se* litigant's pleadings does not

include the rendering of substantive legal advice).

## III. DISCUSSION

### A. Void judgment

As his first claim for relief, Dowe asserts that the "judgment is void as a matter of

law due to it being in fact based on intrinsic 'Fraud Upon The Court' [sic] . . . ." Mot. (ECF

No. 1226) at 5. Dowe alleges that the transcript of a single specific telephone conversation,

identified as "Call #2447," contained in the government's trial exhibit #64, did not

accurately reflect the contents of the conversation. He also alleges that the testimony of a

government witness, namely, Mr. Ishmael "Chuku" Brathwaite, Sr., was fabricated.

In support of his claim, Dowe attaches to his separately-filed Memorandum of Law

in Support of 28 U.S.C. § 2255 Motion (ECF No. 1227) the affidavit of Arlo E. West, a

forensic audio expert.[2] First, Dowe provides no evidence to show Mr. Braithwaite's

testimony was false or what portion was false or that the government knew that such

testimony was false. Second, although Mr. West's assertions raise a question regarding the

exhibit at issue, because Dowe failed to raise this issue on direct appeal, he has

procedurally defaulted his claim. In addition, this claim does not fall within the exception

---

[2] As the government notes in its opposition, co-Defendant Russell Robinson made a similar claim utilizing the same affidavit of Mr. West in his § 2255 petition. Opp'n (ECF No. 1265) at 6. This Court denied Robinson's motion to vacate, stating that the "record . . . conclusively shows Robinson is not entitled to any relief on the claims he advances." *Robinson v. United States*, Civil Action No. 08-103, 2009 WL 4110319 at *9 (D.V.I. Nov. 25, 2009). With respect to the alleged inaccurate transcript, this Court found that the affidavit "fails to create a reasonable probability the result of the trial would have been different had [his] proposed expert testified." *Id.*

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 6

to the procedural default rule because Dowe does not claim actual innocence nor can he

demonstrate "cause" or actual prejudice.  *See, e.g., Bousley v. United States*, 523 U.S. 614, 622

(1998).

### B. Ineffective assistance of trial counsel

To succeed on an ineffective assistance of trial counsel claim a petitioner must show

both that 1.) counsel's representation was deficient and that 2.) the deficient performance

"prejudiced the defense."  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Regarding

the "deficient" prong, a petitioner must demonstrate that counsel "made errors so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*  As for the

prejudice prong, a petitioner must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

at 694.[3]  The petitioner bears the burden of establishing his ineffective assistance of

counsel claims by a preponderance of the evidence.  *United States v. Serrano,* 798 F. Supp.

2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States,* 624 F.2d 557, 558 (5th Cir.

1980)).  A petitioner "must identify the acts or omissions of counsel that are alleged not to

have been the result of reasonable professional judgment.  The court must then determine

whether, in light of the circumstances, the identified acts or omissions were outside the

wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  Judicial

---

[3] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry.  *Strickland,* 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 7

scrutiny of counsel's performance is highly deferential, and a petitioner must overcome a

"strong presumption" that counsel's strategy and tactics "fall[ ] within the wide range of

reasonable professional assistance." *Id.* at 689.  In addition, "[a]n error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal

proceeding if the error had no effect on the judgment. . . .  Accordingly, any deficiencies in

counsel's performance must be prejudicial to the defense in order to constitute ineffective

assistance under the Constitution." *Id.* at 691-92.  Thus, "[s]urmounting *Strickland's* high

bar is never an easy task." *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010).

In the matter at bar, Dowe contends his trial counsel failed to 1.) conduct pre-trial

investigation or consult with Dowe regarding hiring experts and locating witnesses or file

appropriate motions challenging the government's evidence and 2.) interview government

witnesses.

Beyond these bare assertions, Dowe presents no evidence that his counsel failed to

conduct a reasonable investigation.  With regard to the expert witness issue, the affidavit of

Mr. West addresses only one telephone conversation.  Again, Dowe fails to present any

evidence proving the testimony of Mr. Brathwaite or any part thereof was fabricated.  Any

decisions made by Dowe's counsel prior to and during the course of trial are entitled to the

presumption of validity.  Even assuming, *arguendo*, that Dowe could prove that trial

counsel's performance was deficient, in the absence of any evidence showing that the result

of trial would have been different had counsel acted reasonably, Dowe's claim fails.

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 8

### C. Denial of his right to testify

Dowe claims he "made repeated requests at the defense table "to take the witness stand, but his attorney denied such requests."  Mot. (ECF No. 1226) at 8.  It is well established that a defendant has the right to testify on his own behalf.  *See, e.g., United States v. Batista,* 483 F.3d 193, 197 (3d Cir. 2007) (citing *United States v. Dunnigan,* 507 U.S. 87, 96 (1993)).

Dowe attaches the affidavit of co-Defendant Russell Robinson to corroborate his claim that he asked his counsel to be allowed to testify in his own defense.  Mem. (ECF No. 1227), Attachment #2.  The Court notes that Robinson made the same argument in his own § 2255 petition, which was rejected by this Court.  As this Court stated in *Robinson v. United States*, Civil Action No. 08-103, 2009 WL 4110319 (D.V.I. Nov. 25, 2009):

> Generally, a trial court does not have a duty "'to verify that the defendant who is not testifying has waived the right voluntarily.'" *United States v. Leggett,* 162 R3d 237, 246 (3d Cir. 1998) (quoting *United States v. Pennycooke,* 65 F.3d 9, 11 (3d Cir. 1995)).  A direct colloquy with the defendant is necessary only if "exceptional, narrowly defined circumstances" are present.  *See Pennycooke,* 65 F.3d at 12 (holding defendant's repeated interruption of his trial to express his desire to testify is the type of exceptional circumstance requiring a trial court colloquy).  The decision whether to have the defendant testify is a strategic decision generally within a lawyer's judgment.  *See Leggett,* 162 F.3d at 247 ("[I]t is defense counsel's responsibility, not the trial court's, to make sure the defendant is informed of the right to testify").  Finally, "a barebones assertion by the defendant" that he was denied his right to testify is insufficient to require a hearing. *D'Amario v. United States,* 403 F. Supp. 2d 361, 371 (D.N.J. 2005).  More specific evidence is required.  *See id.* (noting "an affidavit from the lawyer who allegedly forbade his client to testify" is the type of specific evidence requiring a hearing).

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 9

*Robinson*, 2009 WL 4110319 at *4-5.

As in *Robinson*, the record here "does not indicate that any exceptional circumstance existed during the trial which might have required the trial court to investigate why [Dowe] was not testifying." *Id.* at 5. Dowe never informed the trial court that "he desired to testify or his attorney was actively preventing him from testifying. There is no evidence he was prevented from testifying." *Id.* at *4. In fact, Russell Robinson attests, in his affidavit offered by Dowe, that Dowe's attorney did not call Dowe as a witness in his case because counsel felt the jury would be prejudiced by Dowe's "down island accent." Mem. (ECF 1227) at Attachment #2. This statement supports the inference that Dowe did not testify because, in counsel's professional judgment, it was best for him not to take the witness stand. Dowe has not demonstrated that he was denied his right to testify on his own behalf in violation of the Fourteenth Amendment.

### D. Denial of a fair and impartial jury of his peers

For his fourth claim, Dowe claims that the atmosphere in the courtroom was prejudicial to him and violated his right to due process. In particular, Dowe cites the seating of the family of Hector Rivera, the government's confidential informant who was murdered prior to the trial, in view of the jury. Dowe also claims that pre-trial media reports, which Dowe attributes to the government, blamed Dowe and his co-Defendants for the death of Hector Rivera. In addition, Dowe states that Hector Rivera's father was removed from the courtroom for making eye contact with a juror, but, was allowed to

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 10

return after writing an ex-parte letter to the trial judge. Finally, Dowe takes issue with his

trial attorney's failure to object to this "[c]ircus like atmosphere." Mot. (ECF No. 1226) at

9(a).

Dowe admits that this claim was not raised on direct appeal. Because Dowe failed to

raise this issue in his appeal, he has procedurally defaulted his claim. In addition, his claim

does not fall within the exception to the procedural default rule because Dowe does not

claim actual innocence nor can he demonstrate "cause" or actual prejudice.

### E. Denial of his right and ability to confer with trial counsel

Dowe alleges that he "remained housed in Metropolitan Detention Center at/in

Guaynabo, San Juan, Puerto Rico, out of reach of trial counsel, during all jury trial

processes" that he was flown to back and forth between Puerto Rico and the United States

Virgin Islands daily, "for entire duration of jury trial processes, thereby making it

impossible to make even telephone calls to trial counsel at days end." Mot. (ECF No. 1226)

at 9(b).

Like the fourth claim, Dowe admits this claim was not raised on direct appeal. Dowe

does not claim innocence or provide evidence of actual prejudice. Consequently, Dowe has

procedurally defaulted this claim.

### F. Ineffective assistance of appellate counsel

The standard for ineffective assistance of appellate counsel is generally the same as

for trial counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). That is, the Court applies the

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 11

two-prong test enunciated in *Strickland*. With regard to appellate counsel's deficiency,

when a petitioner contends appellate counsel failed to raise specific issues, a petitioner

must show that his appellate counsel's representation fell below an objective standard of

reasonableness – that is, "counsel unreasonably failed to discover nonfrivolous issues and

to file a merits brief raising them." *Smith*, 528 U.S. at 285. To establish the prejudice prong,

a petitioner must show that "'there is a reasonable probability that the result of the appeal

would have been different had counsel's stewardship not fallen below the required

standard.'" *United States v. Solomon*, Nos. 2:05-cr-0385, 2:12-cv-0282, 2013 WL 869648 at

*24 (W.D. Pa. Mar. 7, 2013) (quoting *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir.

2000)).

Focusing on issues most likely to prevail "'is the hallmark of effective appellate

advocacy.'" *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (quoting *Smith v. Murray*,

477 U.S. 527, 536 (1986)). Accordingly, where appellate counsel is charged with

ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that

counsel was incompetent." *Smith*, 528 U.S. at 288 (citation omitted). To overcome the

presumption of competence of appellate counsel, a petitioner must show the omitted issues

were "clearly stronger" than those counsel chose to assert. *Id.* (citing *Gray v. Greer*, 800

F.2d 644, 646 (7th Cir. 1986)); *Jones v. Barnes*, 463 U.S. 745, 752-54 (1983) (rejecting "per

se" rule that appellate counsel must raise every nonfrivolous claim).

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 12

Dowe bases his ineffective assistance of appellate counsel upon said counsel's failure to raise any of the first four claims listed in his 2255 motion. Appellate counsel raised three nonfrivolous claims in Dowe's direct appeal: sufficiency of the evidence, admission of intercepted calls between Dowe and Rafael Cintron, and admission of DEA Agent Tokarz's testimony. *United States v. Dowe*, 313 F. App'x 531 (3d Cir. 2009). As the United States Supreme Court has stated, appellate counsel is free to "select from among [all possible claims] in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. at 288. Dowe has failed to meet his burden of showing that the claims not raised on appeal were "clearly stronger" than the ones selected by his appellate counsel. Moreover, Dowe has presented no evidence that the result of his appeal would have been different had appellate counsel asserted one of the other claims Dowe raises in his § 2255 petition. Consequently, this claim is without merit.

**IV. CONCLUSION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant Elroy Dowe's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside[,] or Correct Sentence (ECF No. 1226) be **DENIED** without an evidentiary hearing.[4] It is further recommended that a

---

[4] The question of whether to order an evidentiary hearing when considering a motion to vacate a sentence under § 2255 "is committed to the sound discretion of the district court." *Government of Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). A § 2255 evidentiary hearing "is unnecessary when the 'files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Padilla–Castro,* 426 F. App'x 60, 63 (3d Cir.2011) (quoting 28 U.S.C. § 2255(b)). Here, the record in this case conclusively shows that Dowe is not entitled to relief.

*United States v. Dowe*
1:04-cv-00005-3; 1:09-cv-00100
Report and Recommendation
Page 13

certificate of appealability be **DENIED**.[5]

Any objections to this Report and Recommendation must be filed in writing within

fourteen (14) days of receipt of this notice.  Failure to file objections within the specified

time shall bar the aggrieved party from attacking such Report and Recommendation before

the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:


Dated: February 6, 2015                    /s/ George W. Cannon, Jr.
                                           GEORGE W. CANNON, JR.
                                           MAGISTRATE JUDGE

---

[5]When a district court issues a final order on a § 2255 motion, it must make a determination whether it will permit a certificate of appealability.  3d Cir. L.A.R. 22.2; Fed. R. App. P. 22(b)(1).  A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Here, the record fails to show a violation of Dowe's constitutional rights.  Accordingly, a certificate of appealability should be denied.