DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ELROY DOWE,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)   Criminal Action No. 2004-0005<br>)   Civil Action No. 2009-0100<br>)<br>)<br>)<br>) |

**Appearances:**
**Elroy Dowe,**
St. Thomas, U.S.V.I.
    *Pro Se*

**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Magistrate Judge George W. Cannon Jr.'s Report and Recommendations ("R&R") (Dkt. No. 1350) recommending that Petitioner Elroy Dowe's ("Petitioner") "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Motion" or "Motion to Vacate") (Dkt. No. 1226) be denied. Petitioner filed no objection to the Magistrate Judge's R&R. For the following reasons, the Court will accept the Magistrate Judge's R&R and deny Petitioner's Motion to Vacate. The Court will also decline to issue a Certificate of Appealability.

In addition, after filing his Motion to Vacate, Petitioner filed a Motion styled "F. R. Civ. Proc. R. 15(c)(1)(B) Amendment to Pending § 2255" ("Motion to Amend") (Dkt. No. 1332), seeking to add a claim under *Alleyne v. United States*, 570 U.S. 99 (2013). (Dkt. No. 1332 at 2-3). The Government responded arguing that the proposed amendment would be futile because the

*Alleyne* decision does not apply retroactively to cases on collateral review. (Dkt. No. 1337 at 3-4). The Court will deny Petitioner's Motion to Amend.

## I. BACKGROUND

The charges in the case arose from an investigation leading to a Superseding Indictment charging eight Defendants, including Petitioner, with various charges of conspiracy to import and to possess cocaine with the intent to distribute, as well as other specific acts which carried out those conspiracies. (Dkt. No. 544). Petitioner was included in Count I (Conspiracy to Possess with Intent to Distribute Cocaine), Counts V and VI (Possession with Intent to Distribute Cocaine), Count VII (importing cocaine), and Count XI (conspiracy to import cocaine). *Id.* at 1-7, 11-13, 17. Following a two-week trial, Petitioner was convicted of Counts I and XI, and sentenced to 120 months incarceration, supervised release for five years, and a $200 special monetary assessment. (Dkt. No. 1002). Petitioner's convictions were affirmed on appeal. *United States v. Dowe*, 313 F. App'x 531 (3d Cir. 2009).

Subsequently, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. In his Motion, Petitioner asserted six claims for post-conviction relief. (Dkt. No. 1226). The Court referred Petitioner's Motion to Magistrate Judge Cannon for an R&R. (Dkt. No. 1338). Following his review, the Magistrate Judge recommended that Petitioner's Motion be denied without an evidentiary hearing, and that the Court decline to issue a Certificate of Appealability. (Dkt. No. 1350). A copy of the Magistrate Judge's R&R was mailed to Petitioner at his last known address. No objections to the Magistrate Judge's R&R have been filed.

## II. APPLICABLE LEGAL STANDARDS

In the absence of timely objections to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Thomas v. Arn*, 474 U.S.

140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district court judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added).

Notwithstanding *Thomas*, the Third Circuit has determined that the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report" even in the absence of an objection. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). In the context of habeas corpus cases, the Third Circuit has concluded that "plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R." *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007); *Abdallah v. United States*, 2019 WL 2524774, at *2 (D.V.I. June 19, 2019) (same). Accordingly, the Court reviews the instant R&R under a plain error standard—which entails a determination as to whether the R&R contains any "clear" or "obvious" error affecting the Petitioner's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (to constitute "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

### III. DISCUSSION

#### A. Request for Discovery

In his Motion to Vacate, Petitioner requests discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings (Dkt. No. 1226), asserting that the record had not been developed by his trial counsel to address his claims. *Id.* at 4, 6-10. Petitioner seeks permission to depose all his counsel of record at trial and on appeal, claiming that these depositions would materially support his allegations. (Dkt. No. 1227 at 2).

Under the rules governing Section 2255 actions, leave of Court is required before a party is entitled to discovery. R. Governing § 2255 Proc. 6(a). A petitioner seeking discovery under

§ 2255 must show good cause "by setting forth specific allegations which, if fully developed, would entitle him or her to the writ." *Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012); *see also United States v. Purcell*, 667 F. Supp. 2d 498, 518 (E.D. Pa. 2009) (discovery is only permitted when Petitioner has made a preliminary showing that the requested discovery will tend to support his right to relief). A habeas petitioner is not entitled to discovery if his petition is without merit. *See Rad v. United States*, 2018 WL 4275996, at *16 (D.N.J. Sept. 7, 2018) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)).

As discussed below, Petitioner has not made a preliminary showing of any merit to his grounds for relief. Accordingly, his request to depose his attorneys will be denied.

### B. Merits of Motion to Vacate

Petitioner raises six claims in his Motion to Vacate. First, he claims his conviction was void because the Government allegedly committed "Fraud Upon the Court" by presenting at trial a "false transcript" for one of the numerous intercepted telephone conversations involving Defendants—specifically "Call #2447." Petitioner also claims fraud occurred when the Government allegedly presented "fabricated" testimony by witness Ishmael Brathwaite, Sr. (Dkt. No. 1226 at 4). Second, Petitioner alleges that his trial counsel was ineffective for failing to adequately investigate or prepare to challenge the Government's evidence before trial and failing to interview Government witnesses. *Id.* at 6. Third, Petitioner claims that his trial counsel prevented him from testifying on his own behalf at trial. *Id.* at 7. Fourth, Petitioner asserts that he was denied a fair trial because of the alleged "circus atmosphere" of the trial due to the presence of family members of a murdered government informant who had been involved in the investigation. *Id.* at 8. Fifth, Petitioner claims that he was denied the ability to meaningfully confer with his trial counsel during the trial because he was detained in Puerto Rico and was flown

between Puerto Rico and St. Croix daily. *Id.* at 9. Finally, Petitioner alleges that he was denied effective assistance of counsel both at trial and on appeal because none of the aforementioned issues were raised. *Id.* at 10.

The Magistrate Judge appropriately conducted a preliminary review of Petitioner's Motion pursuant to the Rules Governing Section 2255 Proceedings. *See* 28 U.S.C. § 2255 Rule 4 (initial review should be made to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.") The Magistrate Judge evaluated each of Petitioner's claims and correctly identified the applicable legal standard relevant to those claims. As to each claim, the Magistrate Judge determined that each ground for relief cited by Petitioner was either procedurally defaulted, and not within the exception for claims of actual innocence; not supported by the record; and/or insufficient to establish prejudice.

Having reviewed the Magistrate Judge's R&R and the entire record herein, the Court finds no plain error in the Magistrate Judge's factual determinations or his legal conclusions. Accordingly, the Court will accept the Magistrate Judge's recommendation that Petitioner's Motion to Vacate be denied.

### C.    Motion to Amend to Add *Alleyne* Claim

While his Motion to Vacate was pending, Petitioner filed a Motion to Amend his Section 2255 Motion in order to add a claim under *Alleyne v. United States*, 570 U.S. 99 (2013). (Dkt. No. 1332 at 2-3). Petitioner asserted that *Alleyne*'s holding applied retroactively and would alter the sentence imposed in his case. *Id.* at 4-7.

The Court finds that the proposed amendment to the Motion to Vacate would be futile. The Third Circuit has determined that *Alleyne* does not apply retroactively to cases on collateral appeal.

*See United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) (reiterating that *Alleyne* does not apply retroactively to cases on collateral review as it was not a watershed rule of criminal procedure); *United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014) (*Alleyne* does not apply retroactively unless and until the U.S. Supreme Court so determines). Because the basis for Petitioner's proposed amendment is meritless, his Motion to Amend his Section 2255 Petition will be denied.

### D. Evidentiary Hearing and Certificate of Appealability

Petitioner requests an evidentiary hearing on the claims raised in his Motion to Vacate. (Dkt. No. 1226 at 4, 6-10). A Court must grant an evidentiary hearing on the issues raised in a Section 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Tolliver*, 800 F.3d 138, 140 (3d Cir. 2015). "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). The Court agrees with the Magistrate Judge's findings that the record in this case conclusively establishes that Petitioner is not entitled to relief on any of the claims raised in his Petition. *See* Dkt. No. 1350 at 12 n.4. Accordingly, as recommended by the Magistrate Judge, Petitioner's request for an evidentiary hearing will be denied.

Pursuant to 28 U.S.C. § 2253(a), a final order from a Section 2255 proceeding shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. However, unless a judge issues a Certificate of Appealability ("COA"), such an appeal may not be taken. 28 U.S.C. § 2253(c)(1)(B).

In *Barnes v. United States*, 2018 WL 1905642 (D.Del. Apr. 23, 2018), the Court described the standard for issuing a COA:

> A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at *5 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court is dismissing Petitioner's Motion after determining that his claims are meritless. The Court is persuaded that reasonable jurists would not find this assessment debatable or wrong. Accordingly, as recommended by the Magistrate Judge, the Court will decline to issue a COA.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's R&R will be accepted; Petitioner's Motion to Vacate and Motion to Amend will be denied; Petitioner's requests for discovery and an evidentiary hearing will be denied; and the Court will decline to issue a Certificate of Appealability.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 10, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge